UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **PARAMOUNT PICTURES CORPORATION,** § § § | |
| Plaintiff, § | |
| v. § | **CIVIL ACTION NO. H-04-03488** |
| § | |
| **JOHNSON BROADCASTING INC,** § § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Summary Judgment on Contract Damages (Docket # 53). As set forth below, the motion is **GRANTED**.

## I. BACKGROUND

This case arises from agreements under which Plaintiff Paramount Pictures Corporation ("Paramount") licensed Defendant Johnson Broadcasting, Inc. ("Johnson") to broadcast the television programs *Judge Judy*, *Judge Joe Brown*, *Becker*, and *The Parkers*. Paramount filed this suit against Johnson for breach of contract, alleging that Johnson failed to pay the license fees owed for *Judge Joe Brown*, *Becker*, and *The Parkers*, and that Johnson failed to broadcast *Becker* and *The Parkers*, as required under the license agreements. In response, Johnson alleges that Paramount violated antitrust laws by illegally tying or "block-booking" the programs. Specifically, Johnson claims that Paramount conditioned its licensing of *Judge Judy* and *Judge Joe Brown* on Johnson's entering into a license agreement for *Becker*.

In a Memorandum and Order dated February 15, 2006, the Court granted summary judgment for Paramount on its breach of contract claims for the programs *Judge Joe Brown* and *The Parkers*.[1] Because the parties had not yet completed discovery relating to Paramount's

---

[1] Due to disputed factual issues as to Johnson's antitrust defense, the Court did not reach Paramount's breach of contract claim for the program *Becker*.

mitigation efforts, however, the Court deferred judgment as to the amount of damages Johnson owed under the *Judge Joe Brown* and *The Parkers* license agreements. The parties have now completed this discovery, and Paramount acknowledges that Johnson has paid the full amount of license fees due under the *Judge Joe Brown* contract. Paramount has moved for summary judgment on its damages under the license agreement for *The Parkers*, seeking the full amount of license fees owed under the contract, attorney's fees, costs, and prejudgment interest thereon.

## II. ANALYSIS

### A. Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law, based on the evidence thus far presented. *See* Fed. R. Civ. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (citations omitted). If the moving party shows that there is a lack of evidence to support the nonmoving party's case, the nonmovant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Id.* (quotation omitted). The nonmovant cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). Evidence is construed in the light most favorable to the non-moving party. *Kee*, 247 F.3d at 210.

### B. Choice of Law

Paramount asserts that California's substantive law applies to this case, because the license agreements for the programs at issue contain choice-of-law provisions favoring California law. The license agreement for *The Parkers* provides that, "[t]his Agreement and all

2

matters or issues collateral hereto shall be governed by the federal laws of the United States and the laws of the State of California applicable to agreements entered into and to be performed entirely in that state." Pl.'s Cross-Mot. for Summ. J., Ex. D, Standard Terms and Conditions ¶ 17(e).[2] Johnson has not objected to the application of California law to Paramount's breach of contract claims.

In its February 15, 2006 Order, the Court refrained from deciding whether California's or Texas's substantive law applied to Paramount's claims, noting that the result would be the same under either state's law governing breaches of contract. Since this time, Johnson still has not raised any challenge to the choice of law provisions contained within the license agreements, and instead refers to California cases in its briefs. For these reasons, and for the sake of precision, the Court now holds that Paramount's breach of contract claims are governed by California's substantive law.

**C. Mitigation of Damages**

Under California law, the right to recover damages is qualified by the common law rule requiring an injured party to mitigate its damages. *State Dep't of Health Servs. v. Superior Court*, 79 P.3d 556, 564 (Cal. 2003) (describing this requirement as the "avoidable consequences doctrine"). According to this rule, "a plaintiff who suffers damage as a result of either a breach of contract or a tort has a duty to take reasonable steps to mitigate those damages and will not be able to recover for any losses which could have been thus avoided." *Valle de Oro Bank v. Gamboa*, 32 Cal. Rptr. 2d 329, 331 (Cal. Ct. App. 1994) (quotation omitted). A defendant seeking to assert this doctrine as a defense to damages bears the burden of proving that the plaintiff could have avoided its damages through reasonable efforts, yet failed to do so. *Dep't of Health Servs.*, 79 P.3d at 564.

---

[2] The license agreements for *Judge Judy*, *Judge Joe Brown*, and *Becker* include similar choice of law provisions favoring California law. Pl.'s Cross-Mot. for Summ. J., Exs. A-C, Standard Terms and Conditions ¶ 17(e).

3

Here, Johnson urges the Court to infer that, because Paramount produced only a few documents relating to its re-licensing of *The Parkers*, Paramount must not have reasonably attempted to mitigate its damages by re-licensing the program. As Johnson points out, Paramount's documents only show negotiations regarding *The Parkers* with one television station, KTXH, and Paramount's resulting license agreement with KTXH did not provide for the payment of license fees, as its license agreement with Johnson had done.[3] Finally, Johnson contends that Steve Wasserman, of the television station KPRC, emailed Richard Golden, Paramount Vice President, Regional Southwest Manager, to inquire about Paramount's available off-network programs. Johnson claims that Paramount failed to produce a reply to Wasserman's email, which shows that Paramount failed to offer *The Parkers* to KPRC.

Johnson's contentions fall far short of carrying its burden of showing that Paramount failed to take reasonable steps to mitigate its damages. If anything, Johnson's assertions demonstrate that Paramount made perfectly reasonable attempts to mitigate. The documents produced by Paramount show that it entered into a licensing agreement with UTV of San Francisco for the broadcast of *The Parkers* on KTXH, commencing on March 21, 2005. Pl.'s Cross-Mot. for Summ. J., Ex. L. This was only one month after Paramount terminated its license agreement with Johnson, through its letter invoking the agreement's default provision, on February 21, 2005. Def.'s Resp. to Pl.'s Mot. for Summ. J. on Contract Damages, Ex. 5. Paramount also produced several emails with Frank Cicha of Fox TV from 2004, discussing the possibility of re-licensing *The Parkers*. Def.'s Resp., Ex. 2. These documents show that Paramount sought to re-license *The Parkers* after Johnson's default on the license agreement, and following Paramount's termination of the license agreement with Johnson.

---

[3] Paramount's contract for the airing of *The Parkers* on KTXH was on a "barter-only basis," under which Paramount was entitled to barter advertising time to sell to national advertisers, but not to license fees. Pl.'s Cross-Mot. for Summ. J., Ex. L. In contrast, the license agreement for *The Parkers* between Paramount and Johnson entitled Paramount to both barter advertising and license fees.

Perhaps most telling is Wasserman's email to Golden, which Johnson contends included no reply. On the very same page containing Wasserman's email is Golden's response: "Call you tomorrow." Def.'s Resp., Ex. 1. As Golden's reply demonstrates, communication can take place in many forms, including email, telephone conversations, and face-to-face discussions. That no additional correspondence took place electronically certainly does not indicate that Paramount had no further communication with Wasserman. Additionally, the absence of other emails or documents does not necessarily mean that Paramount engaged in no other discussions about *The Parkers* with KTXH, or with representatives from other television stations.

Similarly, the absence of a license fees provision in Paramount's agreement with KTXH does not demonstrate that Paramount failed reasonably to mitigate its damages. Under California's mitigation of damages doctrine, an injured party need only undertake reasonable efforts to mitigate its damages, and an injured party is not precluded from recovery because these efforts were unsuccessful. *Brandon & Tibbs v. George Kevorkian Accountancy Corp.*, 277 Cal. Rptr. 40, 51 (Cal. Ct. App. 1990). That the terms of Paramount's license agreement with KTXH were not as favorable as those of its agreement with Johnson does not show that Paramount's efforts to enter into this new agreement were unreasonable. Nor has Johnson produced any evidence that the terms of the new license agreement were unreasonable or unwarranted.

Johnson has failed to produce any evidence demonstrating that Paramount did not reasonably mitigate its damages. Accordingly, Paramount is entitled to recover its full amount of damages from Johnson's breach of the license agreement for *The Parkers*.

**D. Acceleration Clause and Discounting to Present Value**

In addition to its unsubstantiated contention that Paramount failed to mitigate its damages, Johnson argues that Paramount's damages should be discounted to present value. In response, Paramount asserts that, under the license agreement's acceleration clause, it became entitled to the full amount of license fees at the time that Johnson breached the agreement.

Johnson asserts that this acceleration clause constitutes an unreasonable penalty, since permitting Paramount to collect damages that are not discounted to present value will allow Paramount to collect more money than it would have collected, had Johnson paid the contract installments as they became due.

The Court already considered and decided this issue, in its Order of February 15, 2006. As the Court then noted, not all acceleration clauses are void as unreasonable penalties. Instead, a party seeking to invalidate an acceleration clause must show how the particular clause was unreasonable in light of the circumstances existing at the time the contract was made. *See Weber, Lipshie & Co. v. Christian*, 60 Cal. Rptr. 2d 677, 681 (Cal. Ct. App. 1997) (discussing the validity of damages provisions in the context of liquidated damages). Johnson argues that the acceleration clause at issue here was an unreasonable penalty because it made all payments under the agreement due immediately, without any discount to present value. This argument is tautological and unhelpful, however, as making all payment due immediately, without any discount to present value, is precisely what any acceleration clause is intended to do. Johnson has failed to make any particularized showing of how the acceleration clause contained in the license agreement for *The Parkers* was unreasonable in light of the circumstances existing at the time the parties entered into the agreement.

After rejecting Johnson's argument that the acceleration clause is unenforceable as an unreasonable penalty, the Court noted in its February 15, 2006 Order that Johnson could advance any other arguments for discounting Paramount's damages to present value when the Court considered the issue of damages. Johnson has failed, however, to present any new theories or facts supporting its contention that Paramount's damages should be discounted to present value.[4]

---

[4] Johnson cites two additional cases, which it claims indicate that discounting to present value is appropriate. In *W W Leasing Unlimited v. Torok Exploration, Mining & Constr. Co.*, the Ninth Circuit found that a district court's calculation of the appropriate interest rate to be applied to an award of damages was not an abuse of discretion. 575 F.2d 1259, 1261 (9th Cir. 1978). In *State v. Whitlow*, the court found that future lease payments should be

6

Paramount is therefore entitled to its full amount of unpaid license fees due under the contract for *The Parkers*, without such amount being discounted to present value. Paramount has calculated that these license fees total $936,000, and Johnson does not contest this amount.

**E. Attorney's Fees and Costs**

Along with these license fees, Paramount asserts that it is entitled to its attorney's fees and expenses incurred in prosecuting its breach of contract claims relating to both the *Judge Joe Brown* and *The Parkers* license agreements. As Paramount points out, both of these license agreements specifically provide that:

> [I]f Paramount incurs any expenses for legal fees and services, court costs, or associated expenses by reason of [Licensee's default], the sum or sums so paid by Paramount and the amount of such fees, costs and associated expenses shall be payable forthwith from Licensee to Paramount, together with interest thereon at the rate of the lesser of ten percent (10%) per annum or the maximum rate permitted by law.

Pl.'s Cross-Mot. for Summ. J., Exs. B and D, Standard Terms and Conditions ¶ 12(b). California law also recognizes attorney's fees provisions such as these:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or the prevailing party, then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs.

CAL. CIV. CODE § 1717(a).

Because Paramount has prevailed on its breach of contract claims with respect to the *Judge Joe Brown* and *The Parkers* license agreements, and in accordance with the license agreement provisions, Paramount should be permitted to recover its reasonable attorney's fees and expenses incurred in bringing these claims. As set forth in an affidavit executed by

---

discounted to present value to determine the value of a lease for condemnation purposes. 52 Cal. Rptr. 336 (Cal. Ct. App. 1966). Neither case involved any discussion of acceleration clauses as unreasonable penalties, and neither case provides support for Johnson's contention that the acceleration clause at issue here should be declared void, and Paramount's damages discounted to present value.

Paramount's counsel, Paramount incurred $88,578.25 in attorney's fees and $6,728.60 in expenses. James A. Reeder, Jr., Vinson & Elkins, L.L.P., Aff. ¶ 3.

In its response to Paramount's motion, Johnson states that it does not dispute the reasonable and necessary amount of Paramount's attorney's fees, but asserts that expenses are only recoverable as costs awarded in a final judgment. Johnson fails, however, to provide any support for this statement. In light of this failure, and in light of the provision for attorney's fees and expenses under both the license agreements and California law, Paramount is entitled to an award of $88,578.25 in attorney's fees and $6,728.60 in expenses.

## F. Prejudgment Interest

Finally, the license agreements for *Judge Joe Brown* and *The Parkers* specifically provide for the recovery of prejudgment interest on any amounts due to Paramount under the agreements:

> If Licensee fails to pay the license fees herein provided at the times due and in the amounts set forth herein, the sums unpaid shall bear interest at the rate of the lesser of ten percent (10%) per annum or the maximum rate permitted by law, from the due date thereof until paid.

Pl.'s Cross-Mot. for Summ. J., Exs. B and D, Standard Terms and Conditions ¶ 12(b). As noted above, the agreements similarly provide for the recovery of prejudgment interest on any amounts due to Paramount for "legal fees and services, court costs, or associated expenses." *Id.* These provisions are enforceable under California law, which states that "[e]very person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day." CAL. CIV. CODE § 3287(a). California law also provides for a default prejudgment interest rate of 10% per annum. CAL. CIV. CODE § 3289(b).

In its response to Paramount's motion, Johnson offered to waive any discounting to present value, so long as prejudgment interest was not added to Paramount's damages. Aside

8

from this offer, however, Johnson has not raised any argument against the addition of prejudgment interest to Paramount's damages. In its Trial Memorandum, Johnson concedes that the prejudgment interest rate is 10% per annum. Def.'s Trial Mem. at 2. Accordingly, Paramount is entitled to prejudgment interest on its full amount of damages under the license agreements for *The Parkers* and *Judge Joe Brown*, at the rate of 10% per annum.

### III. CONCLUSION

Paramount's Motion for Summary Judgment on Contract Damages is **GRANTED**. Paramount is **AWARDED** $936,000 in unpaid license fees for *The Parkers*, $88,578.25 in attorney's fees, $6,728.60 in expenses, and prejudgment interest thereon, to be calculated at the rate of 10% per annum.

**IT IS SO ORDERED**.

**SIGNED** this 19th day of May, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT